UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CURTIS WAYNE CHAUVIN        ]
    Plaintiff,              ]
                            ]
v.                          ]       No. 3:09-0448
                            ]       Judge Echols
CHEATHAM COUNTY JAIL, et al. ]
    Defendants.             ]


# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Cheatham County Jail in Ashland City, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Cheatham County Jail, its staff, the medical provider for the jail, and Dustin West, a guard at the Cheatham County Jail, seeking injunctive relief and damages.

According to the complaint, on August 11, 2007, Officer West approached the plaintiff from behind and placed his arm around the plaintiff's neck. As Officer West dragged the plaintiff backwards, his head struck a hand rail. The plaintiff lost consciousness and later learned that Officer West had "dragged me to the front Cell Block door and dropped me head first to the concrete floor". (Docket Entry No. 3 at 4). The plaintiff alleges that Officer West attacked him without provocation in violation of his constitutional rights.

The complaint was filed on May 4, 2009. The plaintiff's claims arose when he was allegedly assaulted on August 11, 2007. Thus, it appears that this action is time-barred by the one-year statute of limitations imposed upon civil rights claims brought in Tennessee. <u>Merriweather v. City of Memphis</u>, 107 F.3d 396, 398 (6th Cir. 1997). Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that this action is untimely and is not subject to adjudication. <u>Pino v. Ryan</u>, 49 F.3d 51, 53-54 (2d Cir.1995); *see also* <u>Watson v. Wigginton</u>, 16 F.3d 1223, 1994 U.S. App. LEXIS 1329, No. 93-6023 (unpublished; 6th Cir. January 24, 1994).

Because this action appears to be time-barred, the plaintiff has no arguable basis in law or fact which would entitle him to § 1983 relief. Consequently, this action is frivolous within the meaning of 28 U.S.C. § 1915(e)(2) and shall be dismissed. <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 1832-1833, 104 L.Ed.2d 338 (1989).

An appropriate Order will be entered.

Robert L. Echols
District Judge